# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

Kathy Harts )
_____ )
_____ )
(Name of the plaintiff or plaintiffs) )
)
v. )
)
Pat Quinn, (SRS) Illinois Board )
of Trustees, Kathy Jerm, )
Kathy Welker, and Peggy J. Budd )
(Name of the defendant or defendants) )
Note: See addendum for full list
of defendants

1:14-cv-03566
Judge Rebecca R. Pallmeyer
Magistrate Judge Sidney I. Schenkier

RECEIVED
MAY 15 2014
5-15-14
THOMAS G BRUTON
CLERK, U S DISTRICT COURT

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is Kathy Harts of the county of Cook in the state of Illinois.

3. The defendant is Pat Quinn, et al., whose street address is 100 W. Randolph St. Suite 16-100, (city) Chicago (county) Cook (state) Illinois (ZIP) 60601

(Defendant's telephone number) (\_\_\_) - _____

4. The plaintiff sought employment or was employed by the defendant at (street address) 32 W. Randolph St. (city) Chicago (county) Cook (state) IL (ZIP code) 60601

5. The plaintiff [check one box]

   (a) ☐ was denied employment by the defendant.

   (b) ☒ was hired and is still employed by the defendant.

   (c) ☐ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) October, (day) 1, (year) 2013.

7.1 _(Choose paragraph 7.1 or 7.2, do not complete both.)_

   (a) The defendant is not a federal governmental agency, and the plaintiff [check one box] ☐ has not ☒ has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

   (i) ☒ the United States Equal Employment Opportunity Commission, on or about (month) January (day) 3 (year) 2014.

   (ii) ☐ the Illinois Department of Human Rights, on or about (month) _____ (day) _____ (year) _____.

   (b) If charges _were_ filed with an agency indicated above, a copy of the charge is attached. ☒ YES. ☐ NO, **but plaintiff will file a copy of the charge within 14 days.**

   It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

   (a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

2

☐ Yes (month)_____ (day)_____ (year)_____

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month)_____
(day)_____ (year)_____.

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination,

☐ YES ☐ NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ YES ☐ NO, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b) ☒ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) April (day) 14 (year) 2014 a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

(a) ☐ Age (Age Discrimination Employment Act).

(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

3

(c) ☒ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

(a) ☐ failed to hire the plaintiff.

(b) ☐ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☒ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☐ failed to stop harassment;

(g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify):_____

_____

_____

_____

_____

_____

_____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

Plaintiff is protected under American with Disabilities Act Title VII, as job refused to make reasonable modifications to policies, practices, procedures when necessary to avoid discrimination... As job is found to be uncompromising & insensitive to medical & financial needs leaving plaintiff w/o necessary medical care to avoid further degeneration of medical condition.

14. **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☒ YES   ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

    (a) ☐ Direct the defendant to hire the plaintiff.

    (b) ☐ Direct the defendant to re-employ the plaintiff.

    (c) ☐ Direct the defendant to promote the plaintiff.

    (d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

    (e) ☒ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

    (f) ☐ Direct the defendant to (specify): _____

_____

_____

_____

_____

_____

(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒ Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)
*Kathy Harts*

(Plaintiff's name)
Kathy Harts

(Plaintiff's street address)
P.O. Box 402

_____

(City) Oak Park (State) IL (ZIP) 60303

(Plaintiff's telephone number) (___) – _____

Date: 5/16/2014

Kathy Harts

PO BOX 402

Oak Park, IL 60303

Complaint: Employment Discrimination on the basis of violations of Title VII of American Disabilities Act and retaliation for filing a discrimination case against a State of Illinois Agency.

Kathy Harts

Complainant

v

Pat Quinn, et. al.

    Defendants(s)

## COMPLAINT

Kathy Harts, Complainant, in case against defendant(s), Illinois Governor Pat Quinn, Illinois Board of Trustees, Kathy Yemm, Kathy Welker, and Peggy J. Budd, is hereby stating her complaint of employee discrimination on the basis of defendants violating her rights (Title VII) under the American Disabilities Act (ADA).

1. On 9/5/2013, received a letter from Peggy J. Budd via letter (See attachments), that Complainant's benefits would be suspended if she did not return to her physician and retrieve a new Certificate of Disability form.

2. On 9/9/2013 and 9/10/2013, Complainant attempted to contact Peggy J. Budd at phone number provided in letter. Complainant received voice message service each time she called the office of Peggy J. Budd. Complainant left voice message both times she called the office of Peggy J. Budd, in order to explain to her that she was ill and back in Cleveland, Ohio and could not return to Chicago, Illinois to the doctor because of her illness and financial difficulties and queried as to whether or not the situation could be handled without her traveling back to Chicago in order to get an appointment with the

physician and a new signature. Complainant was never contacted back by Peggy J. Budd or her offices.

3. On 11/15/2013, Complainant notified of her medical benefits were suspended by a medical specialists (No Name Given) at Mercy Hospital as she attempted to contact them to find out if she could get an appointment because of some pain she had been feeling in her hands.

4. According to Peggy J. Budd, also known as P.J. Budd, Disability Claims Specialists, Complainant refused to comply with Certificate of Disability forms as should be filed by Complainant semi-annually.

5. Complainant has made all the necessary visits to her physician in an effort to comply with the rules of her place of employment (State of Illinois) as it pertains to retirement and benefits policies.

6. Office of P.J. Budd made no efforts to comply with Complainant once her physician informed her of Complainant's condition and that she would be on medical leave for a year to the date of last visit to the physician.

7. Office of P.J. Budd made no efforts to comply with Complainant once she had knowledge that Complainant had relocated to another State because of medical and financial stress as Complainant had been undergoing an intense racial discrimination case at one of the State of Illinois agencies (Illinois Gaming Board) and loss of home to foreclosure because of medical condition and financial constraints due to the Illinois Attorney General's office in collusion with Office of Executive Inspector General of Illinois attempting to terminate her services.

8. Complainant attempted contact with P.J. Budd as directed by the Chicago offices on 12/12/2013. Complainant left voice message on 12/12/2013 at 11:00 AM, but had never received a call back from Budd or any other member of SERS.

9. Member (No Name Given) from Chicago office informed Complainant that her benefits were suspended because mail was returned with no address on file.

10. Complainant received letter from Marilyn V. Allaman, vouchering department of which Kathy Welker is in charge, on 11/18/2013, demanding an overpayment amount of $17,478.50 at last address on file as given to all State agencies by Complainant.

11. On 11/29/2013, 12/2/2013, and 12/3/2013 contacted Union Attorney's (Mike Newman) office regarding my case and was directed to a voice message system when I gave my name to person answering the phone (no name provided). Complainant was contacted back on 12/3/2013 at 10:12 AM, by the Union Attorney's secretary (Minnie) who informed Complainant that union could not get involved with her or her situation because she had filed a lawsuit against the state. Secretary told Complainant, "You know how this works."

12. Prior to the suspension of medical benefits by Complainant's place of employment, she was placed under financial hardship from situation previously mentioned in lieu of the Vouchering Offices which Complainant was informed was headed by Kathy Welker, to whom she spoke with on November 28, 2012, terminating her financial benefits that the State is to provide in addition to the Social Security Administration benefits.

13. Complainant attempted to contact Kathy Welker twice via fax pertaining her financial benefits; (12/10/2012 and 1/2/2013)

14. Kathy Welker informed Complainant on November 28, 2012, that she was going to terminate her benefits. Also, asked Complainant what she had done with her settlement money awarded by Social Security Administration. Complainant informed Welker that she had paid some bills and paid people back that she borrowed money from. Welker told Complainant that she was told to ask her these questions.
Complainant asked Kathy Welker how she had obtained knowledge of her receiving the award from Social Security Administration. Welker stated that Social Security Administration had informed her. However, when Complainant contacted Social Security Administration she was told that Social Security Administration does not give out such information because they are bound by the HIPAA laws and that I would have to have addressed a written statement to them in order for such information to be released. Complainant was told by member(s) of Social Security Administration to request in writing from the State of Illinois SRS department whom at Social Security Administration gave out such information.
Also, told Complainant in this conversation that it was not her money to keep. Complainant told Welker that she had not been informed that she could not keep the money. Welker then informed Complainant that she had to give the money back and that she was told to stop her check. Complainant informed Welker that she did not have enough money to live off of. Complainant inquired if she could only take a percentage of the money, upon which Welker stated that she could not reduce the amount taken and that she had the authority to keep the check. Kathy Welker returned two checks that Complainant inquired about through letters (dates. See attachments) prior to their conversation on November 28, 2012.

15. Complainant drafted letter (12/10/212 and 1/2/2013; See attachments) to request information from Welker as to who provided her with personal information from SSA (Social Security Administration) about Complainant.

## THE FACTS

16. Complainant made attempts to comply with rules of State of Illinois SERS (State Employee Retirement Services) policies:

17. Complainant made regular visits to physician as requested by State of Illinois policies,

18. Complainant's physician granted her a year leave from work because of her debilitating medical condition,

19. P.J. Budd had vast knowledge of Complainant's medical and living conditions as her office was made privy to Complainant's medical records which included physicians' notes, but made no attempts to make reasonable modifications to practices that could ameliorate Complainant's complications in taking unnecessary visits to physician's within State and once Complainant relocated out of State, and thus leaving the Complainant not only homeless, but without medical benefits,

20. Kathy Welker was aware of Complainant's condition, medical and financial, through letters provided to her by Complainant as well as a conversation that took place between the two on November 28, 2012. Being in charge of department that terminated Complainant's financial benefits she was in a position to reasonably modify the policy and procedures that could have ameliorated Complainant's complications, which left her homeless for the second time within a year.

21. Title II of the American Disabilities Act covers the activities of government entities size or receipt of federal funding. Requires State and local governments give people with disabilities an equal opportunity to benefit from all of their programs, services, and activities (e.g. public, education, employment, transportation, recreation, health care, social services, courts, voting, and town meetings). ... They are required to make reasonable modifications to policies, practices, procedures where necessary to avoid discrimination unless they can demonstrate that doing so would fundamentally alter the nature of the service, programs, or activity being provided.

22. Complainant was discriminated by members of the State of Illinois based upon laws of the American Disabilities Act.

23. Actions of Defendants were uncompromising and insensitive to medical and financial needs of Complainant.

24. In Illinois the Governor is in charge of appointing members to the Illinois Board of Trustees and the Illinois Board of Trustees are the governors of the Disability and Vouchering Departments that Kathy Yemm, Kathy Welker, and Peggy J. Budd hold primary responsibilities that are the impetus for the violations of the ADA rules (in this case Title II) that protect the Complainant.

ADDENDUM TO COMPLAINT

OF

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

Complete list of Defendants is as follows:

Pat Quinn

Illinois Board of Trustees-SRS (State Employees Retirement Services)

    Judy BaarTopinka

    Donald Silverthorn

    ~~Michael Noser~~ Alan Latoza

    Harold W. Sullivan, Jr.

    Renee Friedman

    Thomas Allison

    Patricia Ousley

    Lori Laidlaw

    Patricia Rensing

    David Morris

    Shirley Byrd

Kathy Yemm

Kathy Welker

Peggy J. Budd

EEOC Form 161 (11/09)      U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Kathy Harts
P.O. Box 402
Oak Park, IL 60303

From: Chicago District Office
500 West Madison St
Suite 2000
Chicago, IL 60661

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2014-02500 | Brandi Kraft, Investigator | (312) 869-8153 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

John P. Rowe,     4/10/2014
District Director     (Date Mailed)

Enclosures(s)

cc: Derek Davis, Chief EEO Officer
IL DEPT. OF HEALTH AND FAMILY SERVICES
401 Clinton St.
Chicago, IL 60607